### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MNR LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:21-cv-2078 |
| | ) | |
| OHIO SECURITY | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF REMOVAL
### [28 U.S.C. § 1332, 28 U.S.C. § 1441, 28 U.S.C. § 1446]

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1332(a) and Local Rule 81.1, Defendant Ohio Security Insurance Company ("Ohio Security") hereby removes this action from the District Court of Johnson County, Kansas ("State Court") on the basis of diversity. As grounds for such removal, Ohio Security states the following:

1. On July 10, 2020, Plaintiff MNR LLC ("Plaintiff") filed its Petition against Liberty Mutual Insurance Company in the District Court of Johnson County, Kansas. Exhibit A, at p. 1, Petition.[1]

2. Liberty Mutual Insurance Company filed its answer to Plaintiff's Petition on September 8, 2020. *See* Exhibit A, at p. 21, Liberty Mutual's Answer.

3. On September 9, 2020, Plaintiff filed its First Amended Petition, adding Defendant Ohio Security Insurance Company as a defendant in this action. *See* Exhibit A, at p. 61, First Amended Petition.

---

[1] Copies of all process and pleadings in the State Court action are attached hereto as Exhibit A.

1

4. Ohio Security and Liberty Mutual Insurance Company timely filed their Answer and Affirmative Defenses to Plaintiff's First Amended Petition on October 12, 2020. *See* Exhibit A, at p. 82, Defendants' Answer to First Amended Petition.

5. Thereafter, on October 28, 2020, by stipulation of the parties, the State Court ordered that Liberty Mutual Insurance Company be dismissed without prejudice from this action, leaving only Ohio Security as a defendant. *See* Exhibit A, at p. 117, Stipulation and Order for Dismissal of Liberty Mutual Insurance Company.

6. On January 29, 2021, Plaintiff served Plaintiff's Responses to Defendant Ohio Security Insurance Company's First Interrogatories and First Requests for Production of Documents, as well as produced pertinent documents, from which it could first be ascertained that the case is one which is removable, as the citizenship of Plaintiff could not be determined from the face of the petition. *See* Exhibit C, Declaration of Cheri Diaz, at ¶ 4–5, Ex. 1–3; *see also* Exhibit A, at p. 121, Certificate of Service.

7. Ohio Security has filed this Notice of Removal within the thirty (30) day time frame allowed pursuant to 28 U.S.C. § 1446(b)(3). Accordingly, this Notice of Removal is timely filed.

8. Further, pursuant to 28 U.S.C. § 1446(c), this Notice of Removal is not filed more than one year after the commencement of the action, which was first commenced on July 10, 2020. *See* Exhibit A, at p. 1, Petition.

9. As required by 28 U.S.C. § 1446(a), copies of all "process, pleadings and orders" served upon Ohio Security are attached hereto as Exhibit A to this Notice of Removal.

10. Any civil action filed in state court over which the federal district courts would have original jurisdiction may be removed. 28 U.S.C. § 1441(a). Plaintiff claims entitlement to

insurance proceeds under an all-risk commercial property insurance policy issued by Ohio Security due to claimed business losses resulting from the suspension of operations in connection with governmental shutdowns associated with the COVID-19 pandemic. *See* Exhibit A, at p. 61–68, First Amended Petition. Plaintiff purports to assert claims for declaratory judgment, breach of contract, and anticipatory breach of contract in relation to the subject insurance policy's business income, extra expense, and civil authority provisions. *See* Exhibit A, at p. 68–76, First Amended Petition, Counts I–VII. As stated below, this case is removable because this Court has original subject matter jurisdiction on diversity grounds pursuant to 28 U.S.C. § 1332(a)(1).

## GROUNDS FOR REMOVAL

11. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and all properly joined defendants are "citizens of different States." 28 U.S.C. § 1332(a)(1).

### A. Plaintiff And Defendant Are Citizens Of Different States.

12. 28 U.S.C. § 1332(a) provides, in part, that:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1) citizens of different states[.]

13. Complete diversity of citizenship exists between Plaintiff and Ohio Security, as they are citizens of different states.

3

14. At the time of filing the Petition, Plaintiff MNR was a Kansas limited liability company with its registered office in Olathe, Kansas. *See* Exhibit A, at p. 64, First Amended Petition, ¶ 16–17.

15. However, Plaintiff is an LLC and, therefore, its citizenship is determined by the citizenship of its members for purposes of diversity jurisdiction. *Aurora Loan Servs., LLC v. Johnson*, No. 20-2052-JAR-TJJ, 2020 WL 3791864 at *3 (D. Kan. July 7, 2020).

16. On January 29, 2021, Plaintiff served Plaintiff's Responses to Defendant Ohio Security Insurance Company's First Interrogatories and First Requests for Production of Documents, from which it could first be ascertained that the case is one which is removable, as Plaintiff identified all members of the LLC and produced a list of all partners of the entities which comprise the membership of Plaintiff's LLC. *See* Exhibit B, Declaration of Cheri Diaz, at ¶ 4–5, Exs. 1–3.

17. Plaintiff is comprised of three members: (1) Goose Creek LTD, LLC; (2) Novell Family Living Trust; and (3) Leo E. Rieke Family LTD Partnership. *See* Exhibit B, Declaration of Cheri Diaz, at ¶ 4, Ex. 1, Plaintiff's First Interrogatory Responses, at p. 4, ¶ 1.

18. The citizenship of Goose Creek LTD, LLC is determined by the citizenship of its members. *See Aurora Loan Servs., LLC*, 2020 WL 3791864 at *3. Goose Creek LTD, LLC is a citizen of Kansas and Missouri, as it has the following members and domiciles:

    a. William R. Miller, who is domiciled at 4368 W. 199th Street, Stilwell, Kansas. Therefore, William R. Miller is a citizen of the State of Kansas.

    b. Brian J. Miller, who is domiciled at 20006 Lamar Ave., Stilwell, Kansas. Therefore, Brian J. Miller is a citizen of the State of Kansas.

4

    c. William R. Miller II, who is domiciled at 11333 S. Brownridge Street, Olathe, Kansas. Therefore, William R. Miller II is a citizen of the State of Kansas.

    d. Stephen B. Miller, who is domiciled at 19520 Mission Road, Stilwell, Kansas. Therefore, Stephen B. Miller is a citizen of the State of Kansas.

    e. Daniel C. Miller, who is domiciled at 1008 S. 11th Street, Louisburg, Kansas. Therefore, Daniel C. Miller is a citizen of the State of Kansas.

    f. Lucas A. Miller, who is domiciled at 405 E. 74th Terr., Kansas City, Missouri. Therefore, Lucas A. Miller is a citizen of Missouri.

*See* Exhibit B, Declaration of Cheri Diaz, at ¶ 4, Ex. 1, Plaintiff's Interrogatory Responses, at p. 4–5, ¶ 1.

19. The citizenship of the Novell Family Living Trust is determined by the citizenship of its members. *Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1176 (10th Cir. 2015). The Novell Family Living Trust is a citizen of Colorado, as it has the following members and domiciles:

    a. William Dean Novell, who is domiciled at 6000 Kiva Ridge Dr., Berthoud, Colorado. Therefore, William Dean Novell is a citizen of Colorado.

    b. Kristina Lynn Novell, who is domiciled at 6000 Kiva Ridge Dr., Berthoud, Colorado. Therefore, Kristina Lynn Novell is a citizen of Colorado.

    c. Allyssa Jean Novell Whittemore, who is domiciled at 1476 Tiger Ave., Loveland, Colorado. Therefore, Allyssa Jean Novell Whittemore is a citizen of Colorado.

    d. Bradley James Novell, who is domiciled at 830 Mount Massive St., Berthoud, Colorado. Therefore, Bradley James Novell is a citizen of Colorado.

  e. Carlie Joan Ryken, who is domiciled at 6000 Kiva Ridge Dr., Berthoud, Colorado. Therefore, Carlie Joan Ryken is a citizen of Colorado.

Exhibit B, Declaration of Cheri Diaz, at ¶ 4, Ex. 1, Plaintiff's Interrogatory Responses, at p. 5, ¶ 1.

  20. The citizenship of the Leo E. Rieke Family LTD Partnership is determined by the citizenship of its partners. *See Conagra Foods, Inc.*, 776 F.3d at 1179–80.

  21. The Leo E. Rieke Family LTD Partnership is a citizen of Kansas, as all of its partners are domiciled and citizens of the State of Kansas, as shown in "Partner List" produced by Plaintiff and attached to Plaintiff's Responses to Ohio Security's First Requests for Production of Documents. *See* Exhibit B, Declaration of Cheri Diaz, at ¶ 5, Ex. 3, "Partner List"; *see also id.* at ¶ 4, Ex. 1, Plaintiff's Interrogatory Responses, at p. 5, ¶ 1; *id.* at ¶ 4, Ex. 2, Plaintiff's Responses to Requests for Production, at p. 4, ¶ 1.

  22. Therefore, by virtue of the citizenship of its members, Plaintiff is a citizen of the States of Kansas, Colorado, and Missouri—and Plaintiff is not a citizen of Massachusetts or New Hampshire.

  23. Defendant Ohio Security Insurance Company is a foreign insurance company organized and existing under the laws of the State of New Hampshire with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116. *See* Exhibit A, at p. 64, First Amended Petition, ¶ 19, 21; Exhibit B, Declaration of Cheri Diaz, at ¶ 3. Therefore, Ohio Security is a citizen of New Hampshire and/or Massachusetts, and not a citizen of Kansas, Colorado, or Missouri.

  24. Consequently, Plaintiff and Ohio Security are citizens of different states as required by 28 U.S.C. § 1332(a)(1).

**B.      The Amount In Controversy Exceeds $75,000 Exclusive Of Interest And Costs, As Required By 28 U.S.C. § 1332(a).**

25.     The amount in controversy in this case exceeds $75,000, satisfying the requirements of 28 U.S.C. § 1332(a).

26.     Plaintiff claims that Ohio Security has denied its obligation to pay for business income losses and other covered expenses incurred by Plaintiff for alleged physical loss and damage to insured property arising from mandatory shutdowns implemented by government authorities in an effort to slow the spread of COVID-19.  Exhibit A, at p. 63–64, First Amended Petition, ¶ 11–13, 18.  Plaintiff's petition alleges that the result of such suspension of business has been "catastrophic," and that "Plaintiff has sustained substantial damages" because Plaintiff has been unable to use two of its hotels operated in Colorado for their intended purpose.  Exhibit A, at pp. 63, 67–68, 74–76, First Amended Petition, ¶ 8, 32, 36–38, 75, 88.  Plaintiff seeks to recover compensatory damages, pre-judgment interest, attorneys' fees, as well as costs and expenses.  Exhibit A, at p. 76, First Amended Petition, "WHEREFORE" Paragraph.

27.     Specifically, Plaintiff seeks reimbursement "for the full amount of Business Income Losses incurred by Plaintiff in connection with the suspension of its businesses stemming from orders intended to mitigate the COVID-19 pandemic."  Exhibit A, at p. 68–69, First Amended Petition, ¶ 43.  Plaintiff claims that such losses include Plaintiff's net income that would have been earned in the absence of loss, as well as continuing operating expenses including payroll, during the 24 consecutive months following the alleged property damage.  Exhibit A, at p. 69–71, First Amended Petition, ¶ 48, 56–57.  As indicated in the Commercial Insurance Application for business income and extra expense coverage for the policy issued to Plaintiff, the reported total annual sales for the subject properties amounts to a total of **$5,481,139** for the locations identified in Plaintiff's petition.  Exhibit B, Declaration of Cheri

7

Diaz, at ¶ 7, Ex. 4, Commercial Insurance Application, at p. 1, 5–6.  Consequently, Plaintiff's claim for damages alone exceeds $75,000; *see also* Exhibit A, at p. 64, First Amended Petition, ¶ 18 (identifying locations of properties sustaining business income and extra expense losses).

28. Further, as noted, Plaintiff seeks to recover attorney fees in addition to damages. Exhibit A, at p. 76, First Amended Petition, "WHEREFORE" Paragraph.  Such claimed entitlement to recovery of attorney's fees is a proper consideration when determining the amount in controversy.  *See Meira v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998); *Freeze-Alton v. State Farm Ins. Co.*, No. 13-1082, MLB, 2013 WL 4437231, at *2 (D. Kan. Aug. 19, 2013); *Frakes v. Farm Bureau Mut. Ins. Co.*, No. 06-2110-CM, 2007 WL 2071755, at *2 (D. Kan. July 19, 2007).

29. Consequently, the amount in controversy exceeds $75,000, satisfying the requirements of 28 U.S.C. § 1332(a).

**C.  Removal To This District Is Proper.**

30. By reason of the amount in controversy and the complete diversity of citizenship of the parties, the action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

31. Pursuant to the provisions of 28 U.S.C. § 1441(a), the United States District Court for the District of Kansas is the federal district court embracing the place where the state court suit is pending and the cause of action arose.

32. Ohio Security has complied with applicable requirements of 28 U.S.C. § 1446, and is promptly giving notice of this removal to Plaintiff and the District Court of Johnson County, Kansas pursuant to 28 U.S.C. § 1446 and Local Rule 81.1(c).  A copy of the Notice to

the State Court and to Plaintiff, along with its certificate of service, is attached hereto as Exhibit C.

33. Ohio Security reserves the right to amend or supplement this Notice of Removal.

34. Ohio Security reserves all defenses.

WHEREFORE, Defendant Ohio Security Insurance Company states that it has divested the state court of jurisdiction by filing with that court a Notice of Filing of Notice of Removal, and requests that this Court proceed with adjudication of this matter.

    Respectfully submitted,

    **SEYFERTH BLUMENTHAL & HARRIS LLC**

    */s/ Bruce A. Moothart*
    Bruce A. Moothart, KS Bar # 17263
    Nicholas Rex Daugherty, KS Bar # 26719
    4801 Main Street, Suite 310
    Kansas City, Missouri 64112
    (816) 756-0700 (Telephone)
    (816) 756-3700 (Facsimile)
    bruce@sbhlaw.com
    nickd@sbhlaw.com

    *Attorney for Defendant Ohio Security Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 11th day of February, 2021, a true and accurate copy of the above "Notice of Removal" was filed electronically with the Court, with notice of the filing generated and sent electronically by the Court's electronic filing system to the individuals listed below, and a copy sent via U.S. Mail, postage prepaid, to:

Kurt S. Brack, KS Bar # 14797
BROWN & RUPRECHT, PC
2323 Grand Boulevard, Suite 1100
Kansas City, MO 64108
Telephone: (816) 292-7000
Facsimile: (816) 292-7050
kbrack@brlawkc.com

*Attorney for Plaintiff*

/s/ *Bruce A. Moothart*
***Attorney for Defendant Ohio Security Insurance Company***