## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MNR LLC,

        Plaintiff,

v.                                 Case No. 2:21-cv-02078-JWB-JPO

OHIO SECURITY INSURANCE
COMPANY

        Defendant.

## DEFENDANT OHIO SECURITY INSURANCE COMPANY'S
## MOTION TO STAY DISCOVERY

Pursuant to Fed. R. Civ. P. 26(c), Defendant Ohio Security Insurance Company ("Ohio Security") moves for an order staying discovery until the Court decides Ohio Security's Motion for Judgment on the Pleadings (ECF 11).  Good cause exists for a stay of discovery where there is a pending dispositive motion which, if granted, would terminate all of Plaintiff's claims and engaging in discovery would be unnecessary, inefficient, and burdensome.  Courts in other jurisdictions addressing COVID-19 claims for insurance coverage have granted stays under nearly identical circumstances.[1]

### I.       PROCEDURAL BACKGROUND

Plaintiff filed this action on July 10, 2020.  On October 12, 2020, Ohio Security filed its Answer to Plaintiff's First Amended Petition ("Petition") in Kansas District Court, Johnson County.  Following jurisdictional discovery, the action was removed to this Court on February 11, 2021 (ECF 1).  On April 16, 2021, Ohio Security filed its Motion for Judgment on the Pleadings

---

[1] Pursuant to Fed. R. Civ. P. 26(c)(1), Ohio Security certifies that it conferred with Plaintiff's counsel in good faith in an effort to resolve the dispute. Plaintiff opposes a stay of discovery.

(the "Motion"), which is currently pending before the Court.  To date, Plaintiff has not served any discovery.

## II.   LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 26(c)(1), "[a] party . . . from whom discovery is sought may move for a protective order in the court where the action is pending."  The Court, in its discretion, may choose to stay discovery if "good cause" is shown.  *Id*.  The Court may issue such a stay in "order to protect a party or person from . . . undue burden or expense."  *Id.*

Although the "general practice in this district [is] not to stay discovery while dispositive motions are pending," there are three relevant, recognized exceptions to this practice.  They are where: "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; [or] (3) discovery on all issues posed by the complaint would be wasteful and burdensome ...."  *Beddow v. Rhodes*, No. 18-2442-JAR-TJJ, 2019 U.S. Dist. LEXIS 200334, at *8-9 (D. Kan. Nov. 19, 2019); *Askew v. United States of America*, No. 20-3058-TC-KGG, 2021 U.S. Dist. LEXIS 3570, at *3-4 (D. Kan. Jan. 8, 2021); *Cone v. Mortgage*, No. 20-2543-JWB, 2021 U.S. Dist. LEXIS 32059, at *2-3 (D. Kan. Feb. 22, 2021).

## III.   ARGUMENT

### A.   Good Cause Exists To Stay Discovery.

A stay of discovery is warranted in this action because Ohio Security's pending Motion raises pure questions of law and, if granted, would conclude this litigation.

Plaintiff seeks coverage for business losses allegedly sustained as a result of executive orders issued in Colorado to stop the spread of COVID-19 under the insurance policy issued to it by Ohio Security (the "Policy").  Plaintiff requests declarations affirming that it is entitled to

coverage under the Policy and that Ohio Security breached its contractual obligation to indemnify Plaintiff for its losses by wrongfully denying coverage. As set forth in Ohio Security's Motion, the allegations in the Petition do not trigger coverage because Plaintiff has not alleged losses resulted from "direct physical loss of or damage to" covered property and, even if such allegations were made, coverage is expressly excluded by the Policy's virus exclusion. If the Court finds in Ohio Security's favor on either or both of these issues, the complaint fails as a matter of law. Thus, this case is "likely to be finally concluded via dispositive motion." *Beddow*, *supra*, at *8-12 ("[D]iscovery is not necessary to resolve the mostly legal issues raised by Defendants' motion"); *Cone*, *supra* (stay granted where pending motion raised "multiple, case-dispositive, legal issues").

Furthermore, for purposes of a motion for judgment on the pleadings, well-plead factual allegations are taken as true. Accordingly, discovery "would not affect the resolution" of the Motion. *Beddow*, *supra*, at *8-12 ("[D]iscovery is not necessary ... in order for this Court to determine whether Plaintiff's factual allegations in the Amended Complaint state a plausible claim for relief"); *Cone*, *supra*.[2]

Accordingly, the requested stay is consistent with District of Kansas precedent, and good cause exists for the Court to exercise its discretion to grant this motion to stay discovery.

**B.     Requiring Ohio Security to Engage in Discovery While a Dispositive Motion is Pending Will Cause Undue Burden and Will Result in Unnecessary Expense.**

If the Motion is granted, it will obviate the need for discovery entirely. Thus, engaging in discovery at this juncture is premature, may ultimately be futile, and will result in undue burden to Ohio Security and unnecessary expense to all parties. With no stay, Ohio Security will be forced

---

[2] Under the scheduling order, discovery remains open until December 21, 2021 (ECF 16). Thus, a short stay of discovery while the Motion is decided will not prejudice Plaintiff, which will have adequate time to complete discovery if this action continues.

to expend time, resources, and funds to investigate and respond to discovery requests.  Moreover, if disputes were to arise regarding discovery while the Motion is pending, judicial resources may be unnecessarily expended if intervention were required.  The stay should be granted to ensure judicial efficiency and to prevent burden and waste.  *Cone*, *supra* (staying discovery while a dispositive motion is decided is the most efficient choice because discovery in the interim is "wasteful and burdensome" and a decision on the motion could narrow the scope of discovery); *Beddow*, *supra*, at *8-9.

### C.     Staying Discovery Is Consistent with Decisions in Other COVID-19 Insurance cases.

Courts in other jurisdictions have stayed discovery pending decision on dispositive motions filed by insurers in other COVID-19 insurance cases.[3]  This is true even in jurisdictions where stays are not generally favored.  *See e.g.*, Order, *National Coatings & Supply, Inc., et al. v. Valley Forge Ins. Co.*, No. 5:20-cv-275-M, at *2-3 (E.D. N.C. Oct. 15, 2020) (noting motions to stay are disfavored, but granting stay because the dispositive motion "would result in [] complete dismissal," "raises significant issues for the Court's consideration," and requires no discovery) (Ex. 7); Order, *Mike Lee, Co., LLC et al. v. Nationwide Mut. Ins. Co.*, No. 19-cv-00006-KLM, at *2-4 (D. Colo. July 22, 2019) (granting unopposed motion, court stated: "Although the stay of proceedings is generally disfavored ... the Court agrees with Defendant that proceeding with

---

[3] *See e.g.*, Order, *Ascent Hospitality Management v. Employers Ins. Co. of Wausau*, No. 2:20-cv-00770-GMB, at 2 (N.D. Ala. Mar 3, 2021) (Ex. 1); Order, *Cozzini Bros., Inc. v. Cincinnati Ins. Co., Inc.*, No. 1:20-cv-04274 (N.D. Ill. Fed. 1, 2021) (unopposed motion) (Ex. 2); Order, *Diesel Barbershop, LLC et al. v. State Farm Lloyds*, No. 5:20-cv-00461-DAE (W.D. Tex. May 18, 2020) (unopposed motion) (Ex. 3); Order, *Family Smiles LLC, et al. v. Sentinel Ins. Co.*, No. 1:20-cv-04838 (E.D. Ill. Feb. 22, 2021) (Ex. 4); Order, *Planet Sub Holdings, Inc., et al. v. State Auto Prop. & Cas. Co.*, No. 4:20-cv-00577-BCW (W.D. Mo. Mar. 11, 2021) (Ex. 5); Order, *Tripwire Operations Group, LLC v. Certain Underwriters at Lloyd's London*, No. 1:20-cv-1672 (M.D. Penn. Dec. 15, 2020) (Ex. 6); *Eye Care Ctr. of N.J., P.A. v. Twin City Fire Ins. Co.*, No. 20-cv-05743-KM-ESK, 2020 U.S. Dist. LEXIS 233346, at *5-6 (D.N.J. Nov. 20, 2020).

discovery on all claims at this time 'may ultimately be useless and a waste of the parties' time and resources'") (Ex. 8).

IV.      **CONCLUSION**

For the foregoing reasons, Ohio Security respectfully requests that the Court grant its Motion to Stay Discovery pending the Court's decision on Ohio Security's Motion for Judgment on the Pleadings.

Dated: April 29, 2021                               Respectfully submitted,

**SEYFERTH BLUMENTHAL & HARRIS LLC**

*/s/ Bruce A. Moothart*
Bruce A. Moothart, KS Bar # 17263
Nicholas Rex Daugherty, KS Bar # 26719
4801 Main Street, Suite 310
Kansas City, Missouri 64112
(816) 756-0700 (Telephone)
(816) 756-3700 (Facsimile)
bruce@sbhlaw.com
nickd@sbhlaw.com


Matthew M. Burke (BBO 557281)
Robins Kaplan LLP
800 Boylston Street, Suite 2500
Boston, MA 02199
Telephone:      (617) 267-8288
Facsimile:      (617) 859-2726
MBurke@robinskaplan.com

*Attorneys for Defendant Ohio Security Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 29th day of April, 2021, a true and accurate copy of the above document was filed electronically with the Court, with notice of the filing generated and sent electronically by the Court's electronic filing system to the individuals listed below:

> Kurt S. Brack, KS Bar #14797
> BROWN & RUPRECHT, PC
> 2323 Grand Boulevard, Suite 1100
> Kansas City, MO 64108
> Telephone: (816) 292-7000
> Facsimile: (816) 292-7050
> kbrack@brlawkc.com
>
> *Attorney for Plaintiff*

> /s/ Bruce A. Moothart
> *Attorney for Defendant Ohio Security*
> *Insurance Company*