IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MNR, LLC,

        Plaintiff,

v.

OHIO SECURITY INSURANCE COMPANY,

        Defendant.

Case No. 21-2078-JWB

## ORDER

On July 10, 2020, plaintiff, MNR, LLC, filed this action in the Johnson County District Court, which defendant, Ohio Security Insurance Company, then removed to this court on February 11, 2021.[1] The parties dispute the scope of coverage of defendant's insurance policy over plaintiff's alleged losses due to COVID-19 government shutdowns.[2] Defendant filed its motion for judgment on the pleadings on April 16, 2021.[3] That motion has not yet been fully briefed. Defendant has filed a motion to stay the case (ECF No. 17)

---

[1] ECF No. 1.

[2] ECF No. 17 at 2.

[3] ECF No. 11.

O:\ORDERS\21-2078-JWB-17.DOCX

pending resolution of the motion for judgment on the pleadings. Plaintiff opposes the motion (ECF No. 18). As discussed below, the court denies the motion to stay.

Analysis

The decision whether to stay discovery rests in the sound discretion of the court.[4] The Tenth Circuit has stated, however, that "'the right to proceeding in court should not be denied except under the most extreme circumstances.'"[5] Thus, as a general rule, discovery is not stayed in this district based merely on the pendency of dispositive motions.[6] The court has recognized that there may be exceptions to this rule, such as where: (1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to the defendant's immunity from suit.[7] The party seeking the stay

---

[4] *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990); *Tennant v. Miller*, No. 13-2143, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013).

[5] *Holroyd v. Dept. of Veterans Affairs*, No. 06-4133, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007) (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).

[6] *Kutilek*, 132 F.R.D. at 297 ("The general policy in this district is not to stay discovery even though dispositive motions are pending." (citing cases)); *Garrett's Worldwide Enters., LLC v. United States*, No. 14-2281, 2014 WL 7071713, at *1 (D. Kan. Dec. 12, 2014) ("[T]he general policy of this district is to proceed with discovery despite pending dispositive motions.").

[7] *See Citizens for Objective Public Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013) (citing *Kutilek*, 132 F.R.D. at 297–98).

"must make a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."[8]

Defendant argues a stay is appropriate because the dispositive motion raises purely legal questions. It argues (1) coverage wasn't required because plaintiff hasn't alleged the type of losses covered under the policy, and (2) the policy has a virus exclusion that applies here.[9] Defendant also argues discovery isn't needed at this time and will result in unnecessary expense and undue burden.[10]

Defendant cites a number of opinions from other jurisdictions granting motions to stay in COVID-19 insurance cases, although none of them are from the District of Kansas.[11] Further, the two defendant cites in the text are factually distinct. The parties in *National Coatings & Supply, Inc., et al. v. Valley Forge Ins. Co.* didn't dispute the dispositive-motion ruling would resolve the case entirely, nor did they dispute there wasn't a need for discovery before that ruling.[12] Here, these issues are both disputed. And in *Mike Lee, Co., LLC et al. v. Nationwide Mut. Ins. Co.*, the defendant's motion for stay was unopposed.[13] For these reasons, the undersigned doesn't find these opinions particularly instructive.

---

[8] *Couser v. Somers*, No. 18-1221-JWB-GEB, 2019 WL 802038, at *3 (D. Kan. Feb. 21, 2019).

[9] ECF No. 17 at 3.

[10] *Id.*

[11] *Id.* at 4 n.3.

[12] ECF No. 17-7, Case No. 5:20-cv-275-M (E.D. N.C. Oct. 15, 2020).

[13] ECF No. 17-8, Case No. 19-cv-00006-KLM (D. Colo. July 22, 2019).

Plaintiff opposes the motion, arguing defendant hasn't shown any of the exceptions apply to justify a stay. The court agrees. The case might be concluded when the presiding U.S. District Judge, John W. Broomes, rules on the dispositive motion. But defendant hasn't shown through its briefing of this motion it's likely that will happen. The parties dispute the correct interpretation of the insurance policy at issue; a ruling on that interpretation isn't necessarily likely to finally conclude the case.

Plaintiff represents discovery is necessary "regarding internal claims handling, policy interpretation, and other documents which will be necessary for the court to resolve ambiguity of contract language, claims for breach of contract, and further develop its case."[14] The court concludes the parties are best served by discovery going forward. The fact that a dispositive motion is pending isn't enough to justify a stay. Defendant hasn't overcome the heavy presumption against granting a stay in the District of Kansas.

IT IS THEREFORE ORDERED that defendant's motion to stay (ECF No. 17) is denied.

Dated May 14, 2021, at Kansas City, Kansas.

  s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[14] ECF No. 18 at 3.